SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Masum Vijan,   )   No. CV 06-1817-PHX-DGC (JRI)
)
    Plaintiff,   )   **ORDER**
)
vs.   )
)
Phillips & Associates , et al.,   )
)
    Defendants.   )
_____)

    Plaintiff Masum Vijan, who is confined in the Arizona State Prison, Lewis Unit, in Buckeye, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc.# 1.)[1] The Court dismissed the action for lack of subject matter jurisdiction. (Doc.# 4.) Plaintiff has filed a motion for reconsideration. (Doc.# 6.) That motion will be denied.

    Generally, motions to reconsider are appropriate only where the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through, rightly or wrongly." Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)); United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998) (same). Rather, such arguments should be directed to the court of appeals. Sullivan v. Faras-RLS Group, Ltd., 795 F. Supp. 305, 309 (D. Ariz. 1992). Further, a motion

---

[1] "Doc.#" refers to the docket number of documents filed in this action.

for reconsideration is not an appropriate vehicle for a party to raise arguments not included in his original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988).

In his Complaint, Plaintiff alleged that his privately-retained criminal defense attorneys violated his constitutional rights under 42 U.S.C. § 1983 and engaged in fraud in violation of state laws. The Court found that Plaintiff only sought relief against private individuals who did not act under color of state law and that he failed to assert any basis for subject matter jurisdiction. Plaintiff asks the Court to allow him to amend the Complaint to assert alternative grounds supporting subject matter jurisdiction, such as violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(a), with jurisdiction under 15 U.S.C. § 78aa. The Court declines to do so. New issues or claims are not properly raised in a motion for reconsideration. See Northwest Acceptance, 841 F.2d at 925-26. Plaintiff did not assert RICO violations in his Complaint or facts to support such claims, and he may not seek leave to amend his Complaint to do so in a motion for reconsideration.[2] Movant otherwise fails to cite newly discovered evidence or an intervening change in the law, or to establish clear error for purposes of reconsideration. His motion will be denied.

**IT IS ORDERED** that Plaintiff's motion for reconsideration is **denied**. (Doc.# 6.)

DATED this 4th day of January, 2007.

_David G. Campbell_
David G. Campbell
United States District Judge

---

[2] Even construed as a motion seeking leave to amend, Plaintiff's motion would be denied. Plaintiff failed to submit a proposed amended complaint, LRCiv 15.1 ("A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading . . . ), or to set forth facts to state a federal RICO claim.

- 2 -